People v Fox (2018 NY Slip Op 01801)





People v Fox


2018 NY Slip Op 01801


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


346 KA 15-00101

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES FOX, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (HEATHER PARKER HINES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), entered August 18, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of failure to register and/or verify as a sex offender (Correction Law
§§ 168-f [4]; 168-t) and sentencing him to a term of incarceration based on his admission that he violated three terms and conditions of probation. Defendant contends that his admission to having violated probation by failing to participate in sex offender treatment should be vacated because his refusal to admit the underlying sex offense was not a refusal to participate in sex offender treatment. That contention is unpreserved for our review because defendant "failed to move to withdraw his admission or to vacate the judgment revoking his sentence of probation on that ground" (People v Obbagy, 56 AD3d 1223, 1224 [4th Dept 2008], lv denied 11 NY3d 928 [2009]; see People v Hamdy, 46 AD3d 1383, 1383 [4th Dept 2007], lv denied 10 NY3d 765 [2008]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We note in any event that defendant admitted to two other violations, which provide a sufficient basis for finding a violation of probation (see Hamdy, 46 AD3d at 1383).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court